**McCully & Beggs, P.C.**
Suite 200 139 Murray Blvd.
Hagatna, Guam 96910
Tel: (671) 477-7418
Fax: (671) 472-1201
e-mail: mblaw@guam.net

IN THE DISTRICT COURT OF GUAM

BANKRUPCTY DIVISION

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE NO. 10-00005 |
| LARRY D. CEPEDA, | **MOTION FOR RELIEF FROM STAY** |
| Debtor. | |

Personal Finance Center ("PFC") is a secured creditor of the Debtor since it has a judgment and judgment lien in real property that is owned by the Debtor. The secured claim of PFC was filed on February 9, 2010. The promissory note for this loan clearly shows that only the Debtor is obligated to repay the loan. The Debtor's wife, Ignacia E. Cepeda, did not sign the promissory note for the Debtor's loan and did not personally guarantee its repayment. Mrs. Cepeda does, however, have a separate personal loan with PFC and judgment has been entered on this loan. A copy of the promissory note for Mrs. Cepeda's loan is attached as Exhibit A. A copy of the judgment is attached as Exhibit B. It is clear from these documents that Mr. Cepeda is not obligated on Mrs. Cepeda's PFC loan and *vice versa*.

Despite the fact that Mr. and Mrs. Cepeda's PFC's loans and judgments are totally separate obligations, the Debtor's legal counsel claims that Mr. Cepeda's

**MOTION FOR RELIEF FROM STAY**
Bankruptcy Case No. 10-00005

automatic stay extends to his wife. PFC has further been threatened with sanctions if it proceeds with the enforcement of its judgment concerning Mrs. Cepeda. A copy of the letter making this threat is attached as Exhibit C.

The law does not support the conclusion that Mrs. Cepeda is entitled to the protection of Mr. Cepeda's automatic stay. In a Chapter 13 case such as this, the "co-debtor" stay that is imposed by the Bankruptcy Code only extends to persons who are obligated on a debt "with the debtor". 11 U.S.C. Section 1301(a). Mrs. Cepeda is not obligated on Mr. Cepeda's debt with PFC and conversely Mr. Cepeda is not obligated on Mrs. Cepeda's debt with PFC. The debts of Mr. and Mrs. Cepeda being totally separate, the automatic stay does not apply to Mrs. Cepeda and PFC should be allowed to continue with the enforcement of its judgment against Mrs. Cepeda. In an abundance of caution, PFC requests an order to that effect.

Dated this 26th day of April 2010.

McCULLY & BEGGS, P.C.,
Attorneys for Personal Finance Center

By: _____
MARK S. BEGGS

f# PFC-468/9819 & PFC-577/10775

2

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $10,595.63 | 12-12-2005 | 12-15-2010 | [redacted]0802 | 000 | | ATT | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** IGNACIA CEPEDA (SSN: 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)
359 CHANDIHA ST MACHECHE
DEDEDO, GU 96929

**Lender:** Personal Finance Center
Tamuning Branch
973 South Marine Drive
Tamuning, GU 96913

**Principal Amount: $10,595.63** **Interest Rate: 24.000%** **Date of Note: December 12, 2005**

**PROMISE TO PAY. I ("Borrower") promise to pay to Personal Finance Center ("Lender"), or order, in lawful money of the United States of America, the principal amount of Ten Thousand Five Hundred Ninety-five & 63/100 Dollars ($10,595.63), together with interest at the rate of 24.000% per annum on the unpaid principal balance from December 12, 2005, until paid in full.**

**PAYMENT. I will pay this loan in 59 payments of $305.44 each payment and an irregular last payment estimated at $306.07. My first payment is due January 15, 2006, and all subsequent payments are due on the same day of each month after that. My final payment will be due on December 15, 2010, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any unpaid credit insurance premiums, accrued to the date of receipt of payment; then to any accrued unpaid interest; then to principal; and then to any unpaid collection costs. Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the annual interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

**PREPAYMENT; MINIMUM FINANCE CHARGE.** In any event, even upon full prepayment of this Note, I understand that Lender is entitled to a **minimum finance charge of $25.00**. In no event, however, will this charge be more than five percent (5%) of the original principal amount of this Note or less than ten dollars ($10.00). Other than my obligation to pay any minimum finance charge, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Personal Finance Center, Tamuning Branch, 973 South Marine Drive, Tamuning, GU 96913.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will bear interest from the date of acceleration or maturity at the interest rate on this Note. The interest rate will not exceed the maximum rate permitted by applicable law.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws. However, my death will not be an event of default if as a result of the death the Indebtedness is fully covered by credit life insurance.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else who is not Lender's salaried employee to help collect this Note if I do not pay. I will pay Lender that amount. This includes Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees, however not to exceed fifteen percent (15%) of the unpaid debt after default, and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Territory of Guam without regard to its conflicts of law provisions. This Note has been accepted by Lender in the Territory of Guam.**

**DISHONORED ITEM FEE.** I will pay a fee to Lender of $20.00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

EXHIBIT A

## PROMISSORY NOTE
### (Continued)

Loan No: ▓▓▓0802     Page 2

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: Personal Finance Center, Tamuning Branch, 973 South Marine Drive, Tamuning, GU 96913.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. I do not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the Territory of Guam (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to me. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. Notwithstanding any other provision of this Note, I do not waive or agree to forgo any rights or benefits under the Guam Uniform Consumer Credit Code except as specifically permitted therein. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.**

**I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

**BORROWER:**

X _/s/ Cepeda_____
**IGNACIA CEPEDA**

LASER PRO Lending, Ver. 5.29.00.002 Copr. Harland Financial Solutions, Inc. 1997, 2005. All Rights Reserved. - GU C:\CFI\LPL\D20.FC TR-11371 PR-1




IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2008 AUG 29 AM 10: 12

CLERK OF COURT
BY: _____

| | |
|---|---|
| PERSONAL FINANCE CENTER, ) | CIVIL CASE NO. CV0413-08 |
| Plaintiff, ) | |
| vs. ) | **STIPULATED JUDGMENT** |
| IGNACIA E. CEPEDA, ) | |
| Defendant. ) | |

Comes now, the Plaintiff, by and through one of its attorneys, and Defendant and stipulate that judgment may be entered against the Defendant in the amounts as follows:

1. Principal, $9,185.13;

2. Accrued interest as of March 19, 2008 of $801.87;

3. Interest at the rate of 24% from March 19, 2008 to the date of judgment;

4. Attorney fees, $1,498.05;

5. Statutory interest; and

6. Costs.

IT IS FURTHER STIPULATED that the Court shall order that the judgment shall be paid as follows:

a. The Defendant shall pay the sum of $200.00 per month starting August, 2008, and a similar sum each month thereafter until satisfaction of the judgment taken against them.

b. The Defendant shall make payments to the law firm of McCully and Beggs, P.C., Suite 200, 139 Murray Boulevard, Hagatna, Guam.

MSB\met\F#PFC577-10775

EXHIBIT B

Personal Finance Center vs. Ignacia E. Cepeda
Civil Case No. CV0413-08
Stipulated Judgment
Page Two

## IMPORTANT

## READ THIS BEFORE SIGNING

The Defendant has read and understood this Stipulation, and agrees that the amounts set forth above are duly owed to the Plaintiff. The Defendant are aware of the fact that he will be ordered by the court to make the payments agreed to in this Stipulation, and that should he fail to make any of those payments, he will be in contempt of court. Further, it is agreed that if any payment is not made as agreed, the Plaintiff may accelerate the amount due by applying to the court for a writ of execution and may also execute upon any of the Defendant' assets.

Defendant:

Dated: July 31 2008                         _____
                                            IGNACIA E. CEPEDA

McCULLY and BEGGS, P.C.
Attorneys for Plaintiff

Dated: 8-11-08                              By: _____
                                                MARK S. BEGGS

IT IS SO ORDERED AND DECREED that JUDGMENT shall be entered against the Defendant according to the terms herein.

Dated: AUG 2 9 2008                         **M. Dorothy Benavente**
                                            DEPUTY CLERK, Superior Court of Guam

MSB\met\F#PFC577-10775

# FAX COVER SHEET

**LAW OFFICES OF**
**MARK E. WILLIAMS, P.C.**
201 K&F Building; 213 E. Buena Vista Ave., Dededo, Guam 96929
Telephone: (671) 637-9620/1  Facsimile: (671) 637-9660

| | |
|---|---|
| **ORGANIZATION:** | McCully and Beggs, P.C. |
| **FAX NUMBER:** | (671) 472-1201 |
| **DATE:** | 4-15-10 |
| **TOTAL NUMBER OF PAGES (INCLUDING COVER SHEET):** | Three (3) |

**MESSAGE:**

Please forward enclosed.

Thank you.

Please call our office immediately if you do not receive all of the pages indicated above. This message is intended for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and restricted from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify our office immediately by telephone.

EXHIBIT C

Law Offices of
# MARK EDWARD WILLIAMS, P.C.
A Professional Corporation

Guam Office:
Suite 201, K&F Building
213 E Buena Vista Ave.
Dededo, Guam 96929
Tel: (671) 637-9620 / 1
Fax: (671) 637-9660

Saipan Office:
Box 10001, PMB A-8
Saipan, MP 96950-8901
Tel: (670) 235-6298
Fax: (670) 235-2606

**VIA FACSIMILE: 671-472-1201**

April 15, 2010

McCully and Beggs, P.C.
Attorneys at Law
Suite 200
139 Murray Blvd.
Hagatna, Guam 96910

RE: **Debtor: Larry Cepeda**
**Non Filing Spouse: Ignacia E. Cepeda**
**District Court of Guam Bankruptcy Case No. 10-00005**

Dear McCully & Beggs:

Please be advised that this office represents the above-named debtor.

On January 20, 2010, a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code was filed on Mr. Larry Cepeda's behalf at the District Court under the case number indicated above.

As you know, pursuant to 11 U.S.C. §362(a), all creditors are automatically stayed from the date of such petition's filing from taking any action to collect any debt from my client or from enforcing any lien against my client.

Additionally, 11 U.S.C. §1301 provides that creditors may not collect all or any part of a consumer debt of the debtor *from any individual that is liable on such debt with the debtor* (italics mine).

I am advised that your office has contacted Ms. Ignacia Cepeda's employer in an attempt to collect such a debt.

Please be advised that any such further actions on your part can result in legal action being taken for violation of the automatic stay, actionable pursuant to 11 U.S.C. §362(h), and also as contempt of court with sanctions accordingly.

In Re: Bankruptcy Case Stay N
Page 2

    Please contact me as soon as you receive this letter if you have any questions. Should any further actions on your part in violation of the automatic stay occur in this matter, we may proceed as indicated above without further notice.

Very Truly Yours,

*[signature]*

MARK WILLIAMS

MW:ji